# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-0059V

|  |  |
|---|---|
| MARLENE BORMAN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: February 9, 2024 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Michael Pottetti, Law Office of Michael Pottetti, Port Jefferson, NY, for Petitioner.*

*Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 21, 2020, Marlene Borman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On May 6, 2020, Petitioner filed an amended petition. Petitioner alleged that she suffered a shoulder injury related to vaccine administration (known as SIRVA) resulting from a tetanus diphtheria acellular pertussis vaccine received on January 9, 2019. Amended Petition at 1. On October 16, 2023, I issued a decision awarding compensation to Petitioner, based upon the parties' stipulation. ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $19,052.55 (representing $17,158.50 for attorney's fees, $362.05 for attorney's costs, $1,532.00 for medical co-pays and the petition filing fee paid by Petitioner). Petitioner's Motion for Attorneys' Fees, filed Nov. 11, 2023, ECF No. 50. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred $1,532.00 in out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on November 20, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 51. Petitioner filed no reply.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

### A. Hourly Rates

The rates requested for work performed by all individuals through the end of 2023 are reasonable, and consistent with our prior determinations, and will therefore be adopted. However, a few of the tasks performed by Mr. Pottetti are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). This reduces the amount of attorney's fees to be awarded by **$712.50**.[4]

### B. Billed Hours

I note this case required additional briefing regarding the factual issue of pain onset. *See* Scheduling Order, issued Feb. 3, 2022, ECF No. 39; Petitioner's Motion for a Ruling on Onset, filed Mar. 14, 2023, ECF No. 40. Petitioner's counsel expended approximately 8.3 hours drafting the motion; and 2.6 hours reviewing Respondent's response, totaling 10.9 hours. ECF No. 50-1 at 3. I find this amount of time to be reasonable and will award the attorney's fees requested for this work.

However, the billing records reveal that Mr. Pottetti made numerous mistakes when drafting and filing the petition, PAR Questionnaire, medical records, and other evidence in this case. These mistakes caused duplicate work and excessive billing for these tasks. Thus, I am reducing the amount of hours billed by five percent, resulting in a further reduction of attorney's fees to be awarded by **$822.30**.[5]

---

[3] These entries describing the preparation and filing of medical records as exhibits and other routine documents, dated as follows: 10/26/2019, 8/13/2021, 8/17/2021, 8/18/2021, 10/7/2021, and 11/3/2021. ECF No. 50-1 at 1-3.

[4] This amount consists of ($225 - $150) x 2.3 hrs. + ($260 - $160) x 5.4 hrs. = $712.50.

[5] This amount consists of ($17,158.50 -$712.50) x .05 = $16,446.00 x .05 = $822.30.

**ATTORNEY AND PETITIONER COSTS**

Regarding the costs sought in this case, several reductions are warranted. First, Petitioner has provided supporting documentation for only $312.45 of the $362.05 claimed attorney costs. ECF No. 50-1 at 5-22. This reduces the amount of attorney's costs to be awarded by **$49.60**.

Additionally, in the costs she seeks, Petitioner included medical copays which would have been covered by the agreed upon stipulation. *See* ECF No. 49 (Decision issued October 16, 2023); Section 15(a)-(c) (describing the types of compensation paid under the Vaccine Program). Only costs incurred in any proceeding – *litigation* costs, are paid when awarding attorney's fees and costs. *See* Section 15(e). Thus, Petitioner will be reimbursed for only the $400.00 filing fee. This reduces the amount of Petitioner's costs to be awarded by **$1,132.00**.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $16,336.15[6] as follows:**

- **A lump sum of $15,936.15, representing reimbursement in the amount of $15,623.70 for attorney's fees and $312.45 for attorney's costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel; and**

- **A lump sum of $400.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Hum. Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

**<u>s/Brian H. Corcoran</u>**
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.